NRDC

May 5, 2020

**By ECF**
Hon. Colleen McMahon
Chief United States District Judge
Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

Re:   *NRDC et al. v. Bodine et al.*, 20-cv-3058 (CM), Plaintiffs' Opposition to Defendants' Letter Motion to Extend

Dear Chief Judge McMahon,

Plaintiffs respectfully oppose Defendants' letter motion for an extension of time. The requested extension is inconsistent with the premise of this case: that Defendants' delay in responding to Plaintiffs' petition for an emergency rulemaking is unreasonable and threatens serious harm.

In late March, without prior public notice, the Environmental Protection Agency (EPA) published an unprecedented policy on "enforcement discretion" in response to the COVID-19 pandemic. ECF No. 30-1. The policy allows regulated industries nationwide to stop monitoring and reporting for compliance with pollution limits, and to suspend safety inspections for hazardous waste storage and at chemical manufacturing plants, if a company claims a pandemic-related reason. *Id*. at 3. The monitoring and reporting requirements implicated by EPA's policy are central to the effective functioning of environmental law. They inform people about local pollution problems that threaten their health, help workers prevent dangerous exposures to hazardous chemicals, and help emergency managers detect and respond to oil spills, toxic gas leaks, and chemical releases. ECF No. 16, at 4-7, 16-19; *see also* ECF No. 19 ¶¶ 20-22; ECF No. 20 ¶ 15; ECF No. 26 ¶¶ 35-40; ECF No. 27 ¶ 7. These requirements also deter harmful pollution and violations of pollution limits. ECF No. 16, at 17.

Less than one week after EPA announced its new policy, Plaintiffs submitted to EPA a petition for emergency rulemaking to mitigate harms that would result from the policy. ECF No. 1-1. The petition asked EPA to publish a rule, effective immediately, to compel public disclosure of when and where a regulated facility stops monitoring and reporting on its compliance with pollution limits or chemical safety rules. *Id*. at 1, 6-7. Otherwise, companies that rely on EPA's policy can stop monitoring and reporting pollution and chemical safety hazards without disclosing it to the public, which presents a health risk to

people who live and work near those facilities. *Id*. at 7-8. Without timely public disclosure, people may be exposed to more pollution and a greater risk of chemical disasters without knowing it, and they will not be able to take steps to protect themselves. *Id*. The risks are greatest in low-income communities and communities of color that are already disproportionately burdened by both environmental pollution and COVID-19. *Id*. at 3-4; ECF No. 16, at 19-20; ECF No. 28 ¶¶ 10, 16-18, 20-21; ECF No. 22 ¶¶ 6-18. The resulting harm could be catastrophic. ECF No. 16, at 17-19. The petition makes a modest request in response to EPA's dangerous new policy.

More than a month later, EPA has failed to respond to the petition for an emergency rule. Plaintiffs filed this lawsuit because EPA's delay is unreasonable and threatens serious harm. ECF No. 1 ¶¶ 3-9, 13. Plaintiffs acted quickly to petition EPA for an emergency rule, to file a complaint when EPA failed to respond, and to move for summary judgment precisely because the matter is time-sensitive. And Plaintiffs moved the Court to expedite consideration of this case pursuant to 28 U.S.C. § 1657(a), which establishes priority for civil matters where good cause is shown. ECF No. 16, at 25. Defendants' request to take a full month to oppose summary judgment is unreasonable in the circumstances here, and Defendants do not attempt to respond to Plaintiffs' showing of good cause for expedited review. Defendants claim that Plaintiffs "overstate the urgency" of this case, ECF No. 32, at 2, but they offer no explanation or argument why the case is not urgent. The motion can and should be briefed on the schedule set forth in the Court's rules.

This case is not complicated. The legal standard for evaluating an agency's delay is clear. *See, e.g.*, *Families for Freedom v. Napolitano*, 628 F. Supp. 2d 535, 540 (S.D.N.Y. 2009). Plaintiffs' petition and the action it requests are straightforward. ECF No. 16, at 8, 14. The question for the Court is whether, in light of the circumstances, EPA's failure to respond to Plaintiffs' petition for an emergency rulemaking is unreasonable. EPA can address that question within the normal time allotted to oppose a motion under the Court's rules.

EPA has shown that it can act quickly on the underlying issues in this case when it wants to. EPA issued the non-enforcement policy thirteen days after the President declared a national emergency, and only three days after receiving a letter from an industry trade group seeking a broad waiver of environmental rules during the pandemic. ECF No. 16, at 15. In seeking an extension, EPA argues that Plaintiffs' petition "implicates multiple environmental statutes," ECF No. 32, at 2, but the same is true of EPA's policy itself. Given that EPA wrote the underlying policy in less than two weeks, and possibly in as little as three days, it should be able to defend its failure to respond to Plaintiffs' emergency rulemaking petition in less than the month it is now requesting. Nor does the need for EPA to consult with the Department of Justice, which arises in every case, justify an extension of time.

Because EPA's non-enforcement policy creates an immediate risk of serious harm, there is an urgent need to resolve this matter quickly. The Court should deny Defendants' motion for an extension of time.

Respectfully submitted,

/s/ Michelle Wu
Michelle Wu
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
(646) 889-1489
michellewu@nrdc.org

*Counsel for Plaintiffs*

cc: Counsel for all parties (by ECF)